Filing # 92395466 E-Filed 07/11/2019 12:55:40 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO.: 2019-019546-CA-01

SOURAV CHAKRABORTY,

    Plaintiff,

vs.

THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE,

    Defendant.

_____/

9/27/19
1:04 PM
R.B.
2216

## SUMMONS IN A CIVIL CASE

TO: THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE through its Registered Agent: 300 N.E. 2ND AVE ROMM 1453 MIAMI FL 33132

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

RAINIER REGUEIRO, ESQ.
REMER & GEORGES-PIERRE, PLLC.
COMEAU BUILDING
319 CLEMATIS STREET
SUITE 606
WEST PALM BEACH, FL. 33401

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts                     7/12/2019
_____      _____
CLERK                               DATE

(BY) DEPUTY CLERK



EXHIBIT A

Filing # 91885272 E-Filed 06/28/2019 06:35:45 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO.:

SOURAV CHAKRABORTY,

    Plaintiff,

vs.

THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE,

    Defendant.

_____/

## COMPLAINT

**COMES NOW** Plaintiff, SOURAV CHAKRABORTY. ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE ("Defendant"), and alleges as follows:

1. This action seeks damages in excess of $15,000.00

2. This is an action for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"); and 42 U.S.C. § 2000e-2 ("Title VII"), to redress injuries resulting from Defendant's unlawful race and national-origin based discriminatory treatment of Plaintiff.

3. At all times material hereto, Plaintiff was a resident of Miami Beach, Florida.

4. Defendant is a Florida Not For Profit Corporation authorized to conduct business in the State of Florida,

5. Venue is proper because all of the actions that form the basis of this Complaint occurred within this district.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff is an individual of Indian national origin, and within a class of individuals protected by the FCRA.

8. Plaintiff commenced employment with Defendant from on or about January 2009 as a tutor.

9. On or about July 1, 2016 there was a new pay code implemented at the college.

10. Plaintiff's Lab Manager Bahaa Mourad, informed him that he was being underpaid.

11. Plaintiff then emailed the secretary of chair in the math department, Natasha Desir (Black Haitian) in regards to not being paid what he was entitled to due to the requirements on the pay code.

12. One of Plaintiff's coworkers who is also a Black Haitian individual is getting paid what is indicated by the code.

13. Plaintiff has the same degree as him as well as having more years of experience in tutoring.

14. On or about October 5, 2018 Natasha emailed Plaintiff and stated that he was to submit his transcripts to her if he hadn't already done so.

15. She informed him that this was to update his information in the system in order to start getting paid $12.54 rather than $9.00.

16. Natasha also informed him that the company would retroactively pay the difference of what he was owed from July 1, 2016

17. On or about October 8, 2018 Plaintiff contacted Natasha in regards to her updating his information in the system and she told him that he needed to speak to his manager Bahaa not her.

18. At that point Plaintiff felt like was being ignored and not taken seriously.

19. Plaintiff spoke to Bahaa and she informed him that day that the company did not wish to retroactively pay him what he was owed from July 1, 2016 through present day.

20. Plaintiff not only tutors but he is also a Learning Assistant.

21. Despite his complaints, the company continues to not pay him at the proper rate.

22. All the other non-Indian employees are getting paid what they are entitled to according to the pay code.

## COUNT I
### *Race Discrimination in Violation of the FCRA*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. Plaintiff is a member of a protected class under the FCRA.

25. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

26. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is not White.

27. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's race was unlawful but acted in reckless disregard of the law.

28. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

29. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

30. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

31. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

32. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

33. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

  a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

  b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

  c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

  d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

   full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

 e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

 f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
*National Origin Discrimination in Violation the FCRA*

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

35. Plaintiff is a member of a protected class under the FCRA.

36. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

37. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Cuban.

38. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

39. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

40. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

41. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

42. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

43. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

44. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____6/28/2019_____                    Respectfully submitted,

/s/ Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar Number: 115578
rregueiro@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
**COMEAU BUILDING**
319 Clematis Street, Suite 606
West Palm Beach, FL 33401
Telephone: (561) 225-1970
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO.: 2019-019546-CA-01

SOURAV CHAKRABORTY,

    Plaintiff,

vs.

THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE through its Registered Agent:

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

RAINIER REGUEIRO, ESQ.
REMER & GEORGES-PIERRE, PLLC.
COMEAU BUILDING
319 CLEMATIS STREET
SUITE 606
WEST PALM BEACH, FL. 33401

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                            DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO.: 2019-019546-CA-01

SOURAV CHAKRABORTY,

    Plaintiff,

vs.

THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE through its Registered Agent:

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

RAINIER REGUEIRO, ESQ.
REMER & GEORGES-PIERRE, PLLC.
COMEAU BUILDING
319 CLEMATIS STREET
SUITE 606
WEST PALM BEACH, FL. 33401

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

CLERK                        7/12/2019

                                           DATE

(BY) DEPUTY CLERK

# RETURN OF SERVICE

**State of Florida**      **County of MIAMI DADE**      **Circuit Court**

Case Number: 2019-019546-CA-01

Plaintiff:
**SOURAV CHAKRABORT**



PPJ2019003857

vs.

Defendant:
**THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE**

For:
Rainier Regueiro
Remer & Georges-Pierre, Pllc.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by Prestige Process on the 10th day of September, 2019 at 11:06 am to be served on **THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE, 300 NE 2ND AVE, ROOM 1453, MIAMI, FL 33132**.

I, ROXANA BITHMAN, do hereby affirm that on the **27th day of September, 2019** at **1:04 pm**, I:

served a **PUBLIC AGENCY** by delivering a true copy of the **SUMMONS IN A CIVIL CASE and COMPLAINT** with the date and hour of service endorsed thereon by me, to: **BETZABEL GONZALEZ** as **LEGAL ASST TO JAVIER LEY-SOTO, REGISTERED AGENT** for **THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE** at the address of: **300 NE 2ND AVE, ROOM 1453, MIAMI, FL 33132** and informing said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

**ROXANA BITHMAN**
CPS #2216

Prestige Process
P.O Box 613634
Miami, FL 33261
(305) 490-4346

Our Job Serial Number: PPJ-2019003857

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1g

Filing # 92395466 E-Filed 07/11/2019 12:55:40 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO.: 2019-019546-CA-01

SOURAV CHAKRABORTY,

    Plaintiff,

vs.

THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

TO: THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE through its Registered Agent: 300 N.E. 2ND AVE ROMM 1453 MIAMI FL 33132

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

RAINIER REGUEIRO, ESQ.
REMER & GEORGES-PIERRE, PLLC.
COMEAU BUILDING
319 CLEMATIS STREET
SUITE 606
WEST PALM BEACH, FL. 33401

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

CLERK

7/12/2019

DATE

(BY) DEPUTY CLERK

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: _____
Judge: _____

SOURAV CHAKRABORTY
Plaintiff
vs.
THE DISTRICT BOARD OFTRUSTEESOF MIAMI DADE COLLEGE
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
   - ☒ Monetary;
   - ☐ Non-monetary declaratory or injunctive relief;
   - ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (   )**
   (Specify)

   2

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
   - ☐ Yes
   - ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   - ☒ No
   - ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   - ☒ Yes
   - ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Rainier Regueiro     FL Bar No.: 115578
   Attorney or party                                              (Bar number, if attorney)

Rainier Regueiro     06/28/2019
   (Type or print name)                                            Date